Dear Mr. Harris:
You have advised this office that Mr. Randall Morgan holds the elected office of Alderman for the Town of Livingston. He also serves as the town appointee to the Livingston Intergovernmental Commission, a commission formed by the Parish of Livingston and the Town of Livingston to monitor the health of the class action members of the Livingston train derailment.[1]
At the outset we note that It is permissible for Mr. Morgan to simultaneously hold these positions as R.S. 42:64(A)(1) provides that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them.[2]
However, in response to your specific question, Mr. Morgan may not also accept employment with the Intergovernmental Commission as supervisor. In other words, he may not be a member of the board which employs him. Such combination of positions is deemed incompatible by R.S. 42:64(A)(4)(5) and (6), stating:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
Further, ethical concerns may be raised by the holding of the aforementioned positions. Issues involving the Code of Governmental Ethics, R.S. 42:1111, et seq., should be submitted to and addressed by the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] The Commission was formed by the Parish of Livingston and the Town of Livingston to form a joint commission as authorized by Article VI, Section 20 of the Louisiana Constitution and LSA R.S.33:1324, to be recognized as a body corporate pursuant to LSA R.S.33:1332 and as a body politic and political subdivision of the State pursuant to LSA R.S. 33:1334(D), as defined in Article VI, Section 44 of the Louisiana Constitution of 1954, with all rights, powers, and authority granted to political subdivisions of the State, including without limitation, the provisions of LSA R.S.31:149.
[2] R.S. 42:64A(1) states:
(1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.